IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| OSCAR HINOJOSA, JR., SERGIO SOLIS, AND BERTHA O. SOLIS, *Plaintiffs*, | § § § § § | |
| VS. | § § § | CIVIL ACTION NO. 7:14-cv-00633 JURY REQUESTED |
| STATE FAMR LLOYDS, RICHARD FREYMANN, AND JORGE GOMEZ, *Defendants*. | § § § § | |

### DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

Defendants State Farm Lloyds ("State Farm") and Jorge Gomez ("Gomez"), file this Motion for Summary Judgment because the appraisal process is complete, and State Farm's payment of the appraisal award entitles Defendants to summary judgment as a matter of law on Plaintiffs' contractual and extra-contractual claims.

### I.   Grounds for Summary Judgment

1.   Plaintiffs filed suit against Defendants. On October 3, 2014, State Farm invoked the appraisal provision of the Rental Dwelling Policy and selected Darrell Edwards as appraiser. Plaintiffs selected Gene Riley as appraiser. Broadly speaking, the appraisal provision allows either party to invoke a process in which the amount of the loss is determined by agreement of appraisers or, if necessary, an umpire mutually agreed to by the appraisers or appointed by the court. The two appraisers agreed that Cecil Parker would serve as umpire. The amount of loss in this case was set by agreement of appraiser Edwards and umpire Parker. State Farm paid the appraisal award within four (4) business days of receipt. Payment of the appraisal award resolves and disposes of all claims in this lawsuit. Plaintiffs are estopped from maintaining a breach of contract claim as a matter of law based on State Farm's timely payment after the

appraisal award. Additionally, Plaintiffs have no extra-contractual claims because they have suffered no independent injury that would otherwise entitle them to damages and State Farm timely investigated their claim.

## II. Summary Judgment Evidence

2. In support of this motion, State Farm attaches the following summary judgment evidence filed herewith and incorporated by reference as if fully set forth herein:

Exhibit A: Plaintiffs' Rental Dwelling Policy with Business Records Affidavit

Exhibit B: Affidavit of State Farm Claim Specialist, Ronny Ferrell

    Exhibit B-1: State Farm Claim Activity File Notes Excerpts

    Exhibit B-2: October 3, 2014, State Farm's Appraisal Invocation

    Exhibit B-3: October 15, 2014, Plaintiffs' Appointment of Appraiser

    Exhibit B-4: Appraisal Award

    Exhibit B-5: January 19, 2016, State Farm Letter Tendering Payment of Appraisal Award

Exhibit C: *Stewart v. Geovera Specialty Ins.*, Civil Action No. H-14-3162 (S.D. Tex., Oct. 21, 2015, Order granting motion for summary judgment)

## III. Undisputed Facts

3. Plaintiffs' rental dwelling in McAllen, Texas was insured for approximately $60,500 on the date of loss under a State Farm Texas Rental Dwelling Policy.[1] On or about May 7, 2012, a claim was reported for possible damage to Plaintiffs' property from the April 20, 2012 storm.[2] State Farm spoke with Plaintiff Oscar Hinojosa on May 9, 2012, to acknowledge the claim and schedule an inspection of the home.[3] During the call, Plaintiff Oscar Hinojosa

---

[1]    *See Exhibit A*, Plaintiffs' Rental Dwelling Policy with Business Records Affidavit.
[2]    *Exhibit B*, Ronny Ferrell Declaration at ¶ 5; *Ex. B-1*, Claim Activity File Notes Excerpts.
[3]    *Ex. B* at ¶ 6.

indicated that was no interior damage or broken windows.[4]  Adjuster Jorge Gomez inspected the property on May 16, 2012, with Plaintiff Oscar Hinojosa present, but did not find any hail damage.[5]  At the conclusion of the inspection, Gomez went over the findings from the inspection with Plaintiff Oscar Hinojosa.[6]

4.      Plaintiffs filed suit against State Farm and Gomez on April 26, 2014.[7]  On October 3, 2014, State Farm invoked appraisal under the Rental Dwelling Policy and appointed Darrell Edwards as appraiser.[8]  Plaintiffs responded to State Farm's appraisal invocation and appointed Gene Riley as appraiser.[9]  The appraisers agreed to select Cecil Parker to serve as umpire.[10]

5.      On January 13, 2016, State Farm received an appraisal award signed by appraiser Edwards and umpire Parker, setting the amount of loss at $2,945.08, on a replacement cost basis, and $2,894.08, on an actual cash value basis.[11]  Four (4) business days later, on January 19, 2016, State Farm timely tendered payment of the award (less depreciation and the deductible) in the amount of $1,684.08.[12]

---

[4] *Id.*
[5] *Id.*; *Ex. B-1*, Claim Activity File Notes Excerpts.
[6] *Ex. B* at ¶ 6; *Ex. B-1*.
[7] *See* Dkt. 1-1, Plaintiffs' Original Petition.  Plaintiffs' claims against Gomez are derivative of, and based on, the same facts as the claims asserted against State Farm.  The Court dismissed Defendant Freymann from the lawsuit on March 4, 2015.  Dkt. No. 33.
[8] *Ex. B* at ¶ 7; *Ex. B-2,* State Farm's Appraisal Invocation Letter.
[9] *Ex. B* at ¶ 7; *Ex. B-3*, Plaintiffs' Appointment of Appraiser.
[10] *Ex. B* at ¶ 7.
[11] *Ex. B* at ¶ 8; *Ex. B-4*, Appraisal Award.
[12] *Ex. B* at ¶ 9; *Ex. B-5,* State Farm Letter Tendering Payment of Appraisal Award.

## IV. Argument and Authorities

**A. State Farm's payment of the appraisal award estops Plaintiffs from maintaining a breach of contract claim.**

6. It is well settled that "[a]n insurer does not breach the insurance contract where, as here, it pays all damages determined by the appraisal."[13] That is because "[t]he effect of an appraisal provision is to estop one party . . . from contesting the issue of damages in a suit on the insurance contract, leaving only the question of liability for the court."[14] Here, no question as to liability remains because State Farm has paid the appraisal award. Under Texas law, a contract claim does not survive the insurer's payment of an appraisal award. For instance, in *Franco v. Slavonic Mutual Fire Insurance*, the insureds, after invoking appraisal, subsequently alleged that "payment of an appraisal award is not dispositive of the Franco Family's entire breach of contract cause of action against Slavonic Mutual."[15] The appellate court disagreed, holding that because the insurer paid the full amount of the appraisal award, the insureds were estopped from maintaining a breach of contract claim against the insurer.[16] Simply put, compliance with the contractual appraisal award negates any claim for breach of contract as a matter of law. Like the

---

[13] *Scalise v. Allstate Texas Lloyds*, Civil Action No. 7:13-CV-178, 2013 WL 6835248, *14 (S.D. Tex. Dec. 20, 2013) (citing *Breshears v. State Farm Lloyds*, 155 S.W.3d 340, 344 (Tex. App.—Corpus Christi 2004, pet. denied) (insurer complied with every requirement of contract where it participated in appraisal process and paid amount set by appraisers and umpire)); *see also Devonshire Real Estate & Asset Mgmt., LP v. Am. Ins. Co.*, 2014 WL 4796967, *15 (N.D. Tex. Sept. 26, 2014) (quoting *Scalise*); *Russell v. Scottsdale Ins. Co.*, 2014 U.S. Dist. LEXIS 143882, *17 (S.D. Tex. Sept. 30, 2014) (insured is estopped from asserting breach of contract when insurer pays appraisal award); *Caso v. Allstate Tex. Lloyds*, 2014 U.S. Dist. LEXIS 15279, *14-24 (S.D. Tex. February 7, 2014) (finding insured's payment of appraisal award estopped insured's breach of contract claim); *Waterhill Cos. v. Great Am. Assur. Co.*, 2006 U.S. Dist. LEXIS 15302, *8 (S.D. Tex. March 16, 2006) (insurer did not breach contract when it paid appraisal award).

[14] *Wells v. Am. States Preferred Ins. Co.*, 919 S.W.2d 679, 683-85 (Tex. App.—Dallas 1996, writ denied); *see also Lundstrom v. USAA*, 192 S.W.3d 79, 87 (Tex. App.—Houston [14th Dist.] 2006, pet. denied).

[15] *Franco v. Slavonic Mut. Fire Ins.*, 154 S.W.3d 777, 786 (Tex. App.—Houston [14th Dist.] 2004, no pet.).

[16] *Id.; see also Gardner v. State Farm Lloyds*, 76 S.W.3d 140, 143-44 (Tex. App.—Houston [1st Dist.] 2002, no pet.).

insurer in *Franco*, State Farm fully participated in the appraisal process and timely tendered payment of the appraisal award. Accordingly, as a matter of law, there is no breach of contract, and State Farm is entitled to summary judgment on Plaintiffs' breach of contract claim.[17]

**B.  Without a breach of contact claim, Plaintiffs cannot maintain any extra-contractual causes of action.**

7.  Because the amount of loss has been determined by appraisal and timely paid, Plaintiffs can no longer maintain any of their extra-contractual causes of action because they are derivative of Plaintiffs' now defunct breach of contract claim. Plaintiffs' Petition alleges extra-contractual causes of action for violations of Chapters 541 and 542 of the Texas Insurance Code, violations of the Texas Deceptive Trade Practices Act, and breach of the common law duty of good faith and fair dealing.[18] But the facts giving rise to Plaintiffs' extra-contractual causes of action relate solely to State Farm's handling of Plaintiffs' insurance claim. Merely showing a *bona fide* dispute about the insurer's liability on the contract does not rise to the level of bad faith, and Plaintiffs have not alleged any facts that would give rise to an independent injury claim.[19] For these reasons, Defendants are entitled to summary judgment on each of Plaintiffs' extra-contractual causes of action.

---

[17] *See Wayne Michels and Marie Michels v. Safeco Ins. Co. of Indiana*, Civil Action No. 13-50321, 2013 WL 5985067 (5th Cir. 2013) (holding insurer could not have breached the contract where it participated in the appraisal process and tendered payment of the appraisal award); *Breshears*, 155 S.W.3d at 345 (holding insurer entitled to summary judgment on insured's breach of contract claim because the insurer participated in the appraisal process and paid the appraisal award); *Toonen v. United Servs. Auto Ass'n*, 935 S.W.2d 937, 940 (Tex. App.—San Antonio 1996, no writ) (holding insurer was entitled to summary judgment on breach of contract claim because it tendered appraisal award pursuant to the contract); *Providence Lloyds Ins. Co. v. Crystal City Indep. Sch. Dist.*, 877 S.W.3d 872, 875 (Tex. App—San Antonio 1994, no writ) (holding trial court erred by allowing a trial of a breach of contract claim after insurer promptly paid an appraisal award).

[18] *See* Dkt. 1-1, Plaintiffs' Original Petition.

[19] *See Charles G. Aldous PC v. Lugo*, 2014 U.S. Dist. LEXIS 159684, *12-13 (N.D. Tex. Nov. 12, 2014) ("There can be no recovery against an insurer for extra-contractual damages for mishandling claims unless the complained of actions or omissions caused injury independent of

### i. No bad faith absent a breach of contract.

8. The general rule in Texas is that an insured cannot prove a bad faith claim absent a breach of contract.[20] The only recognized exceptions to this rule are if the insurer "commit[s] some act, so extreme, that would cause injury independent of the policy claim" or fails "to timely investigate the insured's claim."[21] The principle stems from the fact that the threshold for bad faith can be reached only when a breach of contract is accompanied by an independent tort; evidence that merely shows a *bona fide* dispute about the insurer's liability on the contract (like the coverage dispute here) does not rise to the level of bad faith.[22] Accordingly, when a court finds that an insurer has not breached the policy, the insured cannot maintain a bad faith claim. Plaintiffs' causes of action under section 541.060 of the Insurance Code all relate to State Farm's claims handling.[23] Liability under the Insurance Code Chapter 541 is reviewed under "same standard as a common law bad faith claim," and requires the same predicate for recovery.[24] And "evidence of proper completion of the appraisal process and tendering of payment" shows there

---

    that which would have resulted from a wrongful denial of policy benefits.") (quoting *Parkans Int'l LLC v. Zurich Ins. Co.*, 299 F.3d 514, 519 (5th Cir. 2002)).

[20] *Republic Ins. Co. v. Stoker*, 903 S.W.2d 338, 341 (Tex. 1995); *Toonen*, 935 S.W.2d at 941.

[21] *Liberty Nat'l Fire Ins. Co. v. Akin*, 927 S.W.2d 627, 629 (Tex. 1996); *Republic Ins. Co.*, 903 S.W.2d at 341; *Toonen*, 935 S.W.2d at 941.

[22] *Transp. Ins. Co. v. Moriel*, 879 S.W.2d 10, 18 (Tex. 1994); *Nat'l Union Fire Ins. v. Dominguez*, 873 S.W.2d 373, 376-77 (Tex. 1994); *Nat'l Union Fire Ins. Co. v. Hudson Energy Co.*, 780 S.W.2d 417, 426 (Tex. App.—Texarkana 1989), *aff'd*, 811 S.W.2d 552 (Tex. 1991).

[23] *See* Plaintiffs' Original Petition at ¶¶ 24-28, 38-44, 55-60.

[24] *See Tex. Mut. Ins. Co. v. Sara Care Child Care Ctr., Inc.*, 324 S.W.3d 305, 317 (Tex. App.—El Paso 2010, pet. denied); *Spicewood Summit Office Condominiums Ass'n, Inc. v. Amer. First Lloyd's Ins. Co.*, 287 S.W.3d 461, 468 (Tex. App.—Austin 2009, pet. denied); *Douglas v. State Farm Lloyds*, 37 F.Supp.2d 532, 544 (S.D. Tex. 1999); *Higginbotham v. State Farm Mut. Auto. Ins. Co.*, 103 F.3d 456, 460 (5th Cir. 1997) (holding Texas courts have ruled that Insurance Code claims require same predicate for recovery as bad faith causes of action).

are no genuine issues of material fact for Plaintiffs' fraud claim.[25] Also, the alleged misrepresentations plead by Plaintiffs[26] are not actionable as a matter of law.[27]

9. State Farm promptly acknowledged and began an investigation of Plaintiffs' claim after they reported it.[28] State Farm invoked the appraisal process and timely tendered payment of the appraisal award after receiving it.[29] Because the facts are undisputed that State Farm timely investigated the claim and then later paid the amount of loss based on the appraisal award, and Plaintiffs have not alleged any facts which would give rise to an independent injury claim, Defendants are entitled to summary judgment as a matter of law on Plaintiffs' extra-contractual claims.

### ii. Timely payment of an appraisal award precludes prompt payment damages under Chapter 542 of the Texas Insurance Code.

10. State Farm received the signed appraisal award on January 13, 2016 and tendered payment of the award on January 19, 2016—four (4) business days later.[30] Under Texas law, full and timely payment of the appraisal award "precludes an award of penalties under the Insurance Code's prompt payment provisions as a matter of law."[31] As explained in *Mag-*

---

[25] *Tabor v. State Farm Lloyds*, No. 7:14-cv-389 (S.D. Tex. April 9, 2015); *see also Barry v. Allstate Texas Lloyds*, 2015 WL 1470429, **6-7 (S.D. Tex. March 31, 2015) (dismissing fraud claim on summary judgment after payment of appraisal award).

[26] Plaintiffs' alleged misrepresentations are generally that State Farm "represented in its Policy that covered damages would be insured against loss." Dkt. No. 1-1, Plaintiffs' Original Petition at ¶ 48.

[27] *See, e.g., Weber Paradise Apartments, LP v. Lexington Ins. Co.*, 2013 WL 2255256, at **6-8 (N.D. Tex. May 23, 2013) (general allegations without critical underlying facts fail to state a fraud claim); *Druke v. Fortis Health*, 2007 WL 38322, at *4 (S.D. Tex. Jan. 4, 2007) (general assurance policy would be honored is not a material misrepresentation that can support a fraud claim); *Griggs v. State Farm Lloyds*, 181 F.3d 694, 701 (5th Cir. 1999) (statements about claims being handled professionally "more in the nature of non-actionable puffery than actionable representations of material fact.").

[28] *Ex. B* at ¶¶ 5-6.

[29] *Ex. B* at ¶¶ 8-10; *Ex. B-5*, Letter Tendering Payment of Appraisal Award.

[30] *Ex. B* at ¶¶ 9-10; *Ex. B-5*, Letter Tendering Payment of Appraisal Award.

[31] *Stewart v. Geovera Specialty Ins.*, Civil Action No. H-14-3162, p. 8 (S.D. Tex., Oct. 21, 2015, Memorandum and Order, Judge Ewing Werlein, Jr.) (copy attached as Exhibit C); *In re Slavonic*

*Dolphus, Inc. v. Ohio Cas. Ins. Co.*, "when the appraisal clause is invoked, a delay in payment pursuant to the appraisal process does not constitute a §542.058 violation."[32]  Similarly, as explained in *Scalise v. Allstate Texas Lloyds*, "an insurer commits no prompt payment violation when it submits to the delay inherent in the contractual appraisal process (in this case, invoked by the insured) before paying all covered damages determined by that process."[33]  When the insured in *Gabriel v. Allstate Texas Lloyds* argued that Allstate breached the prompt-payment requirements of Chapter 542 "by failing to pay the appraisal-determined amount of loss during the initial adjustment of the claim," the court was clear:  "these arguments misinterpret the relevant authorities and are vitiated by the policy, statute, and record."[34]

11.   Because State Farm timely paid the award, there is no violation of the Texas Insurance Code's prompt payments deadlines.  Thus, State Farm is entitled, as a matter of law, to summary judgment on Plaintiffs' claim for alleged violations of Chapter 542 of the Texas Insurance Code.

---

*Mut. Fire Ins. Ass'n*, 308 S.W.3d 556, 563-64 (Tex. App.—Houston [14th Dist.] 2010, no pet.)); *see also Amine v. Liberty Lloyds of Tex., Inc.*, 2007 W.L 226447, at *4-6 (Tex. App.—Houston [1st Dist.] Aug. 9, 2007, no pet.); *Breshears*, 155 S.W.3d at 344; *Bernstien v. Safeco Ins. Co.*, 2015 WL 3958282, at *1-2 (Tex. App.—Dallas, June 30, 2015, no pet.).

[32] *Mag-Dolphus, Inc. v. Ohio Cas. Ins. Co.*, 906 F. Supp. 2d 642, 652 (S.D. Tex. 2012); *see also Blum's Furniture Co. v. Certain Underwriters at Lloyds London*, 459 App'x 366, 369 (5th Cir. 2012) (affirming district court's entire summary judgment for insurer, including prompt payment claim, based on timely payment of appraisal award); *see also Cavazos v. State Farm Lloyds*, Civ. Action No. 7:13-CV-00252, Minute Entry of 10/27/15 (S.D. Tex., Oct. 27, 2015); *Corpus v. State Farm Lloyds*, Civ. Action No. 7:14-CV-00383, Minute Entry of 10/27/15 (S.D. Tex., Oct. 27, 2015); *Guerra v. State Farm Lloyds*, Civ. Action No. 7:14-CV-00381, Minute Entry of 10/27/15 (S.D. Tex., Oct. 27, 2015); *Solis v. State Farm Lloyds*, Civ. Action No. 7:13-CV-00149, Minute Entry of 10/27/15 (S.D. Tex., Oct. 27, 2015); *Villanueva v. State Farm Lloyds*, 7:13-CV-00601, Minute Entry of 10/27/15 (S.D. Tex., Oct. 27, 2015); *Rios v. State Farm Lloyds*, Civ. Action No. 7:13-CV-00187, Minute Entry of 8/17/15 (S.D. Tex., August 17, 2015); *Rios v. State Farm Lloyds*, Civ. Action No. 7:13-CV-00187, Minute Entry of 8/17/15 (S.D. Tex., August 17, 2015).

[33] *Scalise v. Allstate Texas Lloyds*, 2013 WL 6835248, *18-19 (S.D. Tex. Dec. 20, 2013).

[34] *Gabriel v. Allstate Texas Lloyds*, 2013 U.S. Dist. LEXIS 186032, *12 (S.D. Tex. Nov. 1, 2013).

## V.     Conclusion and Prayer

12. By participating in the appraisal process, the parties agreed the appraisal award would "set the amount of loss." Appraisal has concluded and a binding appraisal award was issued setting the amount of loss. State Farm timely paid the award and there are no remaining issues regarding damages or liability; therefore, as a matter of law, Plaintiffs cannot maintain a breach of contract action. Plaintiffs' extra-contractual claims, which are derivative of their breach of contract claim and unsupported by any evidence, also fail. Accordingly, Defendants are entitled to judgment as a matter of law on all of Plaintiffs' claims alleged in this suit, including breach of contract, violations of the Texas Insurance Code, and breach of the duty of good faith and fair dealing.

13. Defendants State Farm Lloyds and Jorge Gomez respectfully request that the Court grant summary judgment in favor of Defendants on all of Plaintiffs' claims. Defendants further pray for all other relief the Court finds just and equitable.

                          Respectfully submitted,

                          **GERMER PLLC**

By: _/s/ Rett Holidy_
     **DALE M. "RETT" HOLIDY**
     State Bar No. 00792937
     Three Allen Center
     333 Clay Street, Suite 4950
     Houston, Texas 77002
     (713) 650-1313 - Telephone
     (713) 739-7420 – Facsimile
     rholidy@germer.com - Email

     **ATTORNEY IN CHARGE FOR DEFENDANTS**

OF COUNSEL:

**GERMER PLLC**
Mark B. Shutt
State Bar No. 24085583
Federal I.D. No. 2182326
Three Allen Center
333 Clay Street, Suite 4950
Houston, Texas 77002
Telephone: (713) 650-1313
Facsimile: (713) 739-7420
Email: mshutt@germer.com

## CERTIFICATE OF SERVICE

   On February 4, 2016, the foregoing document was served in compliance with the Federal Rules of Civil Procedure by mail, hand delivery, telecopier transmission, or CM/ECF electronic notice to the following:

    **VIA CM/ECF & FACSIMILE**
    J. Steve Mostyn
    The Mostyn Law Firm
    3810 West Alabama
    Houston, Texas 77027
    jsmdocketefile@mostynlaw.com

    **VIA CM/ECF**
    Gilberto Hinojosa
    Law Office of Gilberto Hinojosa & Associates
    622 East Saint Charles Street
    Brownsville, Texas 78520
    ghinojosa@ghinojosalaw.net

            */s/ Rett Holidy*
            **DALE M. "RETT" HOLIDY**